UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

SHAD MILLS, ) CASE NO. 1:05 CV 1116
)
    Plaintiff, ) JUDGE DONALD C. NUGENT
)
v. )
) MEMORANDUM OF OPINION
LAURA WILLIAMSON, et al., ) AND ORDER
)
    Defendants. )

On May 3, 2005, plaintiff *pro se* Shad Mills filed this *in forma pauperis* action against Laura Williamson, Roy Prewitt, Jane Does 1 and 2, and Robert Runner. The complaint alleges, in essence, that police authorities were not sufficiently helpful in retrieving certain property from Ms. Williamson, and that Mills "ended up in trouble" when he went to retieve it himself. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

federal claim. See, Lillard v. Shelby County Bd. of Educ., 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

*/s/ Donald C. Nugent 7/20/05*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE